UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE VITELLO, on behalf of herself and others similarly situated | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:18 CV 915 RWS |
| NATROL, LLC, | ) ) | |
| Defendant. | ) | |

# MEMORANDUM & ORDER

This matter is before me on Natrol's Motion to Dismiss Christine Vitello's Complaint against it [ECF No. 14]. Natrol moves to dismiss both of Vitello's causes of action, which allege that Natrol violated the Missouri Merchandising Practices Act (MMPA) and that Natrol was unjustly enriched as a result of Vitello's purchase of Cognium. Natrol also argues that Vitello failed to provide facts supporting her request for injunctive relief. Vitello opposes the motion [ECF No. 17]. For the reasons below, I will deny Natrol's motion.

## Background

Natrol is the manufacturer of the dietary supplement Cognium. On June 11, 2018, Vitello filed her Complaint [ECF No. 1] against Natrol on behalf of herself and a putative class, alleging Natrol violated provisions of the Missouri

Merchandising Practices Act (MMPA), RSMo § 407, et seq, and that Natrol is liable to purchasers of Cognium for unjust enrichment. Vitello alleges the company misrepresented the depth of scientific support that exists regarding Cognium's effectiveness, that Cognium did not work for her and is worth less than she paid for it, and that she would not have bought Cognium but for the representations Natrol made regarding the number of studies that support it.

## Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). This requirement remains in effect "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."). The issue is not whether the plaintiff will

ultimately prevail, but whether the plaintiff is entitled to present evidence in support of her claim. Id.

This action is before me under 28 U.S.C. § 1332(a), so all issues of substantive law are governed by Missouri state law. See Prudential Ins. Co. of America v. Kamrath, 475 F.3d 920, 924 (8th Cir. 2007) (reciting the rule that a district court sitting in diversity applies the law of the state in which it sits).

## Discussion

### I. Federal Rule of Civil Procedure 9(b)

Natrol argues that Vitello's complaint does not meet the specificity requirement for alleging fraud under Federal Rule of Civil Procedure 9(b). A complaint alleging misrepresentation under the MMPA must satisfy Rule 9(b) of the Federal Rules of Civil Procedure. See Blake v. Career Educ. Corp., No. 4:08CV00821 ERW, 2009 WL 140742, at *2 (E.D. Mo. Jan. 20, 2009) (citing cases in which United States District Courts in Missouri have applied Rule 9(b) to cases arising under the MMPA). Rule 9(b) requires that allegations of fraud be pled with particularity. Roberts v. Francis, 128 F.3d 647, 651 (8th Cir.1997) ("When pleading fraud, a plaintiff cannot simply make conclusory allegations.").

To determine whether the circumstances constituting fraud are stated with sufficient particularity to meet the pleading requirements of Rule 9(b), I examine the pleading for details such as "the time, place, and contents of the alleged fraud;

the identity of the person allegedly committing fraud; and what was given up or obtained by the alleged fraud." Id. (citation omitted). However, a plaintiff does not necessarily need to "show all of these factors under Rule 9(b) to plead fraud with sufficient particularity." Id. at n. 5. Instead "[a] plaintiff must state enough so that his/her pleadings are not merely conclusory." Id. The Eighth Circuit Court of Appeals has also noted that this rule of pleading is to be interpreted "in harmony with the principles of notice pleading." Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir.2002) (internal citations omitted). That is, "[a]lthough a pleading alleging fraud need not provide anything more than notice of the claim, it must contain a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct." Id. (internal citations omitted).

Vitello's Complaint specifically pleads "the who, what, where, when, and how of the alleged fraud" as required by Rule 9(b). See BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007). The "who" is Natrol. Complaint, ECF No. 1, at ¶ 18. The "what" is Natrol's claims regarding Cognium's benefits, and that the benefits are supported by nine clinical studies. E.g. id. at ¶¶ 22, 39, 68, 75. The "where" includes representations on Cognium's box, id. at ¶¶ 21-22, and a linked website, e.g. id. at ¶¶ 67-69. The "when" is June, 2017. Id. at ¶ 88. The "how" the statements were misleading is the alleged overrepresentation of

4

the various advertised benefits of Cognium and the depth of research supporting those benefits. Id. at ¶ 22.

Vitello's Complaint satisfies the fraud pleading standard of Rule 9(b). It provides Natrol with the required notice of, and ability to respond to, Vitello's fraudulent misrepresentation claim.

## II. Required Facts Under the MMPA

Natrol argues that Vitello's complaint fails to properly allege a violation of the MMPA, because Vitello did not suffer an ascertainable loss from purchasing Cognium and never specifically stated when she became aware of Natrol's alleged misrepresentations about Cognium.

In Missouri, "[r]elevant precedent consistently reinforces the plain language and spirit of the [MMPA] to further the ultimate objective of consumer protection." Gibbons v. J. Nuckolls, Inc., 216 S.W.3d 667, 670 (Mo. 2007). The MMPA has two operative sections relevant to the consumer protection claims in this case. First, Section 407.020 of the MMPA declares a number of fraudulent or deceptive sales practices to be unlawful. See § 407.020.1 RSMo (outlawing "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.").

Next, Section 407.025 of the MMPA sets out the elements of a private right of action for violations of the statute. Section 407.025.1 provides that

> Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money . . . as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action.

§ 407.025.1 RSMo.

Essentially, to bring the present case against Natrol under the MMPA, Vitello must allege the following: (1) that she purchased Cognium, (2) for personal, family, or household purposes; and (3) that she suffered an ascertainable loss of money or property, (4) as a result of an act declared unlawful by Section 407.020.

On its face, Vitello's Complaint alleges sufficient facts to support each element required under Section 407.025. Her Complaint alleges that (1) she purchased Cognium at a Wal-Mart in June 2017, Complaint, ECF No. 1, at ¶ 88; (2) for personal use (and that she did in fact use it as directed), id. at ¶ 90. It also alleges (3) that the product did not have any effect on her, did not improve her memory as she expected it would, and that the product was worth less that she paid for it. Id. at ¶¶ 91, 93. Vitello alleges this led to her loss, "as the value of the Cognium as purchased was worth less than the value of the Cognium as it was represented." Id. at ¶ 93. Finally, Vitello alleges that (4) she would not have

purchased Cognium but for Natrol's representations regarding the depth of scientific support for the supplement's effectiveness. Id. at ¶ 92.

### a. Ascertainable Loss

Natrol contends that Vitello received the full benefit of her purchase of Cognium, because it included a money back guarantee. Natrol also argues that Vitello does not present sufficient evidence for her claim that Cognium is ineffective.

In Missouri, "courts apply the 'benefit of the bargain rule' when determining if a plaintiff has suffered an ascertainable loss under the MMPA." Polk v. KV Pharm. Co., No. 4:09-CV-00588 SNLJ, 2011 WL 6257466, at *5 (E.D. Mo. Dec. 15, 2011). The "benefit of the bargain" rule calculates damages in a fraudulent misrepresentation case as "the difference between the fair market value of the property received and the value if the property had been as represented." Larabee v. Eichler, 271 S.W.3d 542, 548 (Mo. 2008).

The parties do not cite binding case law on the effect a money back guarantee has on the benefit of the bargain rule. However, Vitello cites a case from the Northern District of California that contains reasoning I find to be persuasive in resolving the question of ascertainable loss. In Adkins v. Apple Inc., the plaintiffs alleged they purchased Apple products they would not have purchased but for a salesperson's misrepresentations in connection with the sale. 147 F. Supp. 3d 913,

7

918 (N.D. Cal. 2014). Apple moved to dismiss the plaintiffs' various consumer protection claims, in part relying on the fact that the equipment the plaintiffs purchased was covered by a money-back guarantee. The Court rejected Apple's argument and held that "allowing Apple to rely on its refund policy as a defense to the consumer fraud allegations in this case would make the consumer protection laws at issue 'a nullity.'" Id. at 919 (N.D. Cal. 2014).

Natrol seeks to convince me that Adkins is not instructive, because the money back guarantee in this case pertains to Natrol's benefit of the bargain argument, not a lack of standing. Defendant's Reply, ECF No. 19, 9. This is irrelevant, as the question here is fundamentally the same as the one before the Adkins Court: does a money-back guarantee destroy a consumer's claim of suffering a loss?

At this stage, as a matter of law, Natrol's money-back guarantee does not defeat Vitello's claim of suffering a loss. Vitello alleged that she spent money she would not have otherwise spent absent Natrol's representations about Cognium. She has stated an ascertainable loss for the purposes of the MMPA. Allowing Natrol to rely on a money back guarantee to defeat Vitello's claim of ascertainable loss at this stage would make the MMPA "a nullity."

Natrol further argues that Vitello does not have sufficient support for the claim that Cognium is ineffective and is worth less than Vitello paid for it. Natrol

8

again sets a higher bar than Vitello must meet at this point. In her Complaint, Vitello alleges that the product had no effect on her, and that it was therefore worth less than what she paid for it. ECF No. 1, ¶¶ 91, 93. These allegations, taken as true, are sufficient to show Vitello suffered an ascertainable loss.

### b. Awareness of Natrol's Alleged Misrepresentations

Natrol next asserts that Vitello makes only a conclusory argument that she was aware of Natrol's representations regarding the depth of scientific support for Cognium. Therefore, she cannot show that she suffered a loss as a result of those representations. Natrol Memorandum in Support of the Motion to Dismiss, ECF No. 15, 8.

In order to recover under the MMPA, Vitello must show "evidence of some factual connection between the misrepresentation and the purchase." Faltermeier v. FCA US LLC, 899 F.3d 617, 622 (8th Cir. 2018). Indeed, Vitello's Complaint makes such an allegation. Vitello alleges that she "would not have purchased the Cognium if Defendant had not made the [alleged misrepresentations] concerning its product." Plaintiff's Complaint, ECF No. 1, ¶ 92. This statement provides a "factual connection between the misrepresentation and the purchase." This allegation, if true, requires that Vitello was aware of Natrol's alleged misrepresentations before she purchased Cognium. Vitello's Complaint therefore meets the "as a result of" pleading requirements for her MMPA claim.

### III. Unjust Enrichment

Similar to its MMPA argument, Natrol asserts that Vitello's unjust enrichment claim fails because she received all of the benefits she expected to receive when she purchased Cognium. Natrol asserts that Vitello took the entire 30 days' worth of the supplement; she could request her money back if she was unhappy with it; and for those reasons, Natrol argues, it was not unjustly enriched by Vitello's purchase.

To state a claim for Unjust Enrichment in Missouri, Vitello must allege facts that show "(1) [she] conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances." Hargis v. JLB Corp., 357 S.W.3d 574, 586 (Mo. 2011). Natrol focuses on the third prong of the test, arguing that Natrol has not unjustly retained any benefit from Vitello. As in Part II.a, *supra*, I reject Natrol's "benefit of the bargain" argument. A money-back guarantee does not prevent the common law cause of action of unjust enrichment, just as it does not prevent a MMPA statutory cause of action. If Natrol's misrepresentations convinced Vitello to purchase something she otherwise would not have, and Natrol still has possession of Vitello's money from that purchase, then Vitello has a stated a claim for unjust enrichment.

### IV. Vitello's Prayer for Injunctive Relief

In her Response to Natrol's Motion to Dismiss, Vitello concedes her prayer for injunctive relief. The parties are in agreement that Vitello will not seek injunctive relief under the MMPA, and I will not issue a ruling on that issue.

Accordingly,

**IT IS HEREBY ORDERED** that Natrol's Motion to Dismiss Vitello's MMPA and Unjust Enrichment claims is **DENIED**.

                                                                           */s/ Rodney W. Sippel*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of December, 2018.