UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE VITELLO, on behalf of herself and others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:18 CV 915 RWS<br>) |
| NATROL, LLC, | )<br>) |
| Defendant. | ) |

# **MEMORANDUM & ORDER**

This matter is before me on Defendant Natrol, Inc.'s motion to compel. Natrol requests that I order Plaintiff Christine Vitello to produce (1) information related to her cognitive condition, including her disclosed diagnosis of Attention Deficit Disorder (ADD); and (2) documents that support her claim that Cognium does not work and is worthless (or a certification that none exist). Natrol argues that the information is relevant during the class certification phase of the litigation, because it relates to Vitello's adequacy to serve as a class representative and her ability to certify a class under Federal Rule of Civil Procedure 23. Vitello argues these discovery requests represent an attempt by Natrol to begin merits discovery during the class discovery stage of the litigation. For the reasons below, I will grant Natrol's motion in part and deny it in part.

## I. Legal Standard

When responding to discovery requests, parties must produce any nonprivileged, responsive materials that are "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). As applied by federal courts, Rule 26(b) is "liberal in scope and interpretation." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). The party seeking discovery, however, must still make "[s]ome threshold showing of relevance." Id. Once the requesting party makes that showing, "the burden is on the party resisting discovery to explain why discovery should be limited." CitiMortgage, Inc. v. Allied Mortg. Grp., Inc., No. 4:10CV01863 JAR, 2012 WL 1554908, at *2 (E.D. Mo. May 1, 2012).

## II. Analysis

The discovery requests at issue in this motion fall into two categories: information and documents related to Vitello's cognitive ability, including her Attention Deficit Disorder diagnosis, and documents that support her claim that Cognium is ineffective. Specifically, Natrol requests that Vitello:

- "Identify and describe in detail any medical condition affecting Your memory, concentration or cognition, including . . . (b) the name and address of any physician or other medical professional who diagnosed the medical condition or from whom you have received treatment for the medical condition." [Def.'s Memorandum, Exh. B, ECF No. 31, Interrogatory 14(b)]

- "Identify and describe in detail each prescription or non-prescription medication that you have used to improve memory, concentration or cognition in the last five years, including, without limitation . . . (i) the name, address and occupation of the person who prescribed the medication, if applicable." [Id. at Interrogatory 15(i)]

- Authorize "the release of employment, medical, and pharmacy records" related to "Plaintiff's cognitive state, including memory and concentration." [Id. at RFP 26]

Natrol also requests that Vitello provide:

- "All Documents that You contend discredit the effectiveness of Cognium or Cera-Q (or BF-7)" [Id. at RFP 12]

- "All Documents relating to consumer views and/or opinions relating to Cognium, Cera-Q (or BF-7), and/or Natrol that You have viewed." [Id. at RFP 13]

The first three requests relate to Vitello's cognitive condition and should be produced. The final two seek information from Vitello in support of the merits of her claim, and Vitello is not required to produce those documents at the class certification stage.

### a. Discovery Related to Vitello's Cognitive Condition

The requested discovery materials related to Vitello's cognitive condition are relevant at this stage, non-privileged, and proportional to the needs of the case. Vitello resists Natrol's request for the medical information related to her cognitive condition both on the grounds it is merits discovery that is inappropriate at the class certification stage and that it is covered by doctor-patient privilege.

As an initial matter, class certification "analysis will frequently entail overlap with the merits of the plaintiff's underlying claim." Comcast Corp. v. Behrend, 569 U.S. 27, 33–34 (2013) (internal citation omitted). As a corollary, discovery that may relate to the merits of Plaintiff's claim is not necessarily off-limits if it is also relevant to class certification questions.

I do not now address whether the potential discovery will actually affect my class certification determination, but Defendant has met the threshold showing that discovery about Plaintiff's particular cognitive function and ADD diagnosis is relevant at the class certification stage of the case. The impact Vitello's cognitive function has on her ability to fairly represent a class—in a case about a supplement that purports to improve cognitive function—is a fair topic of inquiry for Natrol to pursue. See Fed. R. Civ. P. 23(a)(2, 3) (requiring that "there are questions of law or fact common to the class" and "the claims or defenses of the representative parties are typical of the claims or defenses of the class").

The requested discovery about Vitello's cognitive condition is not privileged. By filing this lawsuit, Vitello put her cognitive condition at issue. C.f. Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000) (holding that a plaintiff waived the psychotherapist-patient privilege by placing her medical condition at issue). The timeframe in the requests, which seek medical information

4

from the past five years, is reasonably tailored and proportional to the needs of the case.

The Plaintiff's remaining arguments that the discovery requests place an unfair burden on her are not persuasive. She analogizes her situation to a person who seeks a refund, or an individual litigant whose injury is challenged, and argues that the requested discovery would not be ordered in either of the other two situations. First, Vitello is not simply seeking a refund; she is seeking to represent a class that she alleges is entitled to punitive damages against Natrol. Second, Natrol represents that the requested medical discovery does not only go to her injury, but also to her ability to fairly represent a class in this lawsuit. Vitello's allegations were sufficient to survive Natrol's Motion to Dismiss, but at the class certification stage, Natrol is entitled to limited discovery that bears directly on certification. I will grant Natrol's motion as it pertains to Interrogatories 14(b) and 15(i), as well as RFP 26, subject to Natrol's offer to limit the scope to records that relate to Vitello's memory, concentration, or cognition, including her disclosed diagnosis of ADD.

**b. Discovery Supporting Vitello's Claims**

Natrol's requests for production 12 and 13, which ask that Vitello provide documents related to the substance of her allegations, go beyond the scope of the class certification phase. Natrol asserts the requested documents are relevant to

5

Vitello's ability to satisfy the requirements of Federal Rule of Civil Procedure 23. However, Natrol does not adequately explain how "Plaintiff's reliance on her own unverified impression of Cognium's efficacy implicates issues relating to causation, commonality, typicality, and adequacy." [Def's Memorandum at 10]

The requested documents may well be relevant at a later stage of this litigation, but it is my finding that Natrol has not made a threshold showing of relevance as to these documents and their relation to class certification. I will deny Natrol's motion as it pertains to Requests for Production 12 and 13.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Natrol's Motion to Compel [ECF No. 31] is **GRANTED** as it pertains to Interrogatories 14(b) and 15(i) and RFP 26, subject to Natrol's offer to limit the scope of RFP 26 to only include information related to Vitello's memory, concentration, and cognition, including her ADD diagnosis and treatment.

**IT IS FURTHER ORDERED** that Defendant Natrol's Motion to Compel [31] is **DENIED** as it pertains to RFPs 12 and 13.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of August, 2019.