IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE VITELLO, on behalf of herself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:18-cv-915 ) |
| NATROL LLC, | ) ) ) |
| Defendant. | ) |

**NATROL, LLC'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE IN OPPOSITION TO MOTION FOR CLASS CERTIFICATION
AND MEMORANDUM IN SUPPORT**

Defendant Natrol, LLC ("Natrol"), by and through its undersigned counsel, hereby moves for an extension of time to file its response in opposition to Plaintiff Christine Vitello's ("Plaintiff") motion for class certification. In support of its motion, Natrol states as follows:

1. Pursuant to the Case Management Order, which was entered on January 22, 2019, Natrol's response in opposition to Plaintiff's motion for class certification is due on October 11, 2019. Dkt. 25 at 2.

2. Natrol requests an additional fourteen (14) days, to and through October 25, 2019, to respond to Plaintiff's motion for class certification, due to unforeseen challenges in obtaining Plaintiff's medical records. These challenges are outside of Natrol's control.

3. As explained in Natrol's motion to compel, Natrol believes that such records contain information that will be pertinent to its arguments in opposition to Plaintiff's motion for class certification. Dkts. 31 and 33.

4. On August 7, 2019, the Court granted Natrol's motion to compel, in part, and compelled Plaintiff to execute authorizations that would allow Natrol to obtain Plaintiff's

medical and pharmacy records related to Plaintiff's memory, concentration and cognition. Dkt. 34 at 5. The Court explained that "[b]y filing this lawsuit, Vitello put her cognitive condition at issue." Dkt. 34 at 4.

5. On August 19, 2019, Plaintiff's counsel sent Natrol's counsel the executed authorizations to obtain Plaintiff's medical and pharmacy records related to Plaintiff's memory, concentration and cognition.

6. That same day, Natrol's counsel called Dr. Lawrence Kuhn's office (along with the other pharmacies) to confirm where Natrol's counsel should send the authorization. Dr. Kuhn is the psychiatrist that treats Plaintiff's Attention Deficit Disorder.

7. On August 20, 2019, Natrol's counsel spoke with Dr. Kuhn's office and promptly submitted the authorization pursuant to that conversation.

8. Natrol's counsel called Dr. Kuhn's office after submitting the authorization, but never received a call back.

9. On September 9, 2019, Natrol's counsel received a denial letter from Ciox Health, which apparently physically collects the medical records from Dr. Kuhn's office for production.

10. Natrol's counsel promptly contacted Ciox Health. Ciox Health directed Natrol's counsel to contact Plumbers' and Pipefitters' Health and Wellness Center, which apparently also plays a part in collecting Dr. Kuhn's records.

11. Plumbers' and Pipefitters' Health and Wellness Center confirmed that their legal team approved the authorization and directed Natrol's counsel back to Ciox Health.

12. Upon contacting Ciox Health again, Ciox Health informed Natrol's counsel that it is not permitted to redact any information that is unrelated to Plaintiff's memory, concentration and cognition.

13. After multiple conversations, Ciox Health requested a revised medical authorization from Plaintiff, which would not require Ciox Health to redact any information that is unrelated to Plaintiff's memory, concentration and cognition.

14. Natrol's counsel promptly contacted Plaintiff's counsel and they worked together to solve the problem and agreed upon a revised authorization.

15. Plaintiff's counsel sent Natrol's counsel the revised, executed authorization on October 1, 2019.

16. Natrol's counsel sent the revised authorization to Dr. Kuhn's office that same day.

17. Dr. Kuhn's office subsequently informed Natrol's counsel that the copy that Plaintiff's counsel provided was illegible.

18. On October 2, 2019, Natrol's counsel asked Plaintiff's counsel to send them a better copy of the revised authorization.

19. Plaintiff's counsel complied on October 8, 2019, and Natrol's counsel submitted it to Dr. Kuhn's office that same day.

20. Natrol's counsel intends to continue to diligently attempt to obtain the relevant medical records from Dr. Kuhn's office.

21. However, at this time, Natrol's counsel is unsure if and when they will be able to obtain Plaintiff's medical records from Dr. Kuhn's office.

22. If Dr. Kuhn's office is unable to produce the records before Oct. 25, 2019, Natrol may need to seek additional relief from this Court, including additional time to respond to Plaintiff's motion for class certification.

23. The granting of this request will not prejudice any party.

24. Counsel for Plaintiff consents to Natrol's request for a two-week extension.

WHEREFORE, Defendant Natrol, LLC respectfully requests that its motion for an extension of time be granted for the reasons set forth herein.

Dated: October 8, 2019

Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

By: /s/ Alicia Ragsdale Olszeski
Alicia Ragsdale Olszeski, #66168MO
Steven J. Alagna, #68980MO
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
(314) 259-2000 (telephone)
(314) 259-2020 (facsimile)
ali.olszeski@bclplaw.com
steven.alagna@bclplaw.com

Lawrence G. Scarborough (admitted *pro hac vice*)
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
(602) 364-7000 (telephone)
(602) 364-7070 (facsimile)
lgscarborough@bclplaw.com

Jacob A. Kramer (admitted *pro hac vice*)
1155 F Street, NW
Washington, D.C. 20004
(202) 508-6000 (telephone)
(202) 508-6200 (facsimile)
jake.kramer@bclplaw.com

*Attorneys for Defendant Natrol LLC*

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2019, a true and correct copy of the foregoing was served electronically on all counsel of record via the Court's ECF system.

/s/ Alicia Ragsdale Olszeski