UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE VITELLO, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 4:18-cv-00915-SEP |
| NATROL, LLC, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike the Declarations of Dr. Michael E. Jarvis and Yong Koo Kang. Doc. [65]. The motion is fully briefed. For the reasons set forth below, the motion will be denied.

### Facts and Background

Plaintiff Christine Vitello brings this action individually and on behalf of others similarly situated alleging Defendant Natrol, LLC ("Natrol") violated the Missouri Merchandising Practice Act (MMPA) and that Natrol is liable to purchasers of its product, Cognium, for unjust enrichment. In her Amended Complaint, Vitello alleges that Defendant misrepresented the depth of scientific support that exists regarding Cognium's effectiveness, that Cognium did not work for her and is worth less than she paid for it, and that she would not have purchased Cognium but for Natrol's representations regarding the studies supporting it. Doc. [80] ¶¶ 91-92.

Cognium is a "nutraceutical" that Natrol advertised improves memory and concentration for consumers who ingest it twice daily over a period of four weeks. *Id.* ¶ 2. When Plaintiff purchased Cognium, Defendant advertised that nine clinical studied supported this claim, but Plaintiff alleges that two of those clinical studies were retracted for fraud or fabrication and data manipulation. *Id.* Plaintiff's Amended Complaint includes a detailed account of Cognium's box, bottle, brochure, website, and press releases, and describes Defendant's various claims regarding clinical studies and "proven results." *See, e.g.*, *id.* ¶ 21. Plaintiff claims she took Cognium according to the directions provided by Defendant but did not experience any

improvement in her memory, concentration, or cognition. *Id.* ¶¶ 90-91. She contends that she would not have purchased Cognium had Defendant not made the representations concerning the product's allegedly proven results. *Id.* ¶ 92.

In its Case Management Order, this Court bifurcated discovery, allowing the parties to proceed first on discovery related to class certification. Doc. [25]. Rule 26 disclosures were due by February 15, 2019, and the discovery deadline was August 16, 2019. *Id.* Vitello claims that during the Rule 16 conference, the parties discussed the possibility of experts and "determined that no disclosure requirement would be included in the CMO." Doc. [65] ¶ 5. Natrol's initial disclosures under Rule 26 did not mention the utilization of expert testimony. *Id.* ¶ 6.

On March 6, 2019, Natrol served interrogatories requesting that Vitello list any medical conditions affecting her memory, concentration, or cognition and describe each prescription medication she used to improve those faculties in the last five years. Doc. [56-1] at 8-9; *see* Doc. [72] at 2. In Vitello's initial response, she disclosed "Attention Deficit Disorder" and "Adderall," but she refused to identify healthcare providers who would possess her medical records. *Id.* On July 3, 2019, Natrol filed a Motion to Compel (Doc. [30]), which the Court granted on August 7, 2019, requiring Vitello to 1) respond to Interrogatories 14(b) and 15(i) by identifying her healthcare providers, and 2) respond to Natrol's Request for Production under Rule 26 by authorizing the release of medical and pharmacy records, limited to information related to her memory, concentration, and cognition, including her ADD diagnosis and treatment. Doc. [34]. Plaintiff states that because of the Motion to Compel, the parties agreed to schedule her deposition "after the August 16 discovery deadline." Doc. [72] at 3.

After receiving Plaintiff's supplemental responses to discovery requests on August 21, 2019, Defendant issued subpoenas seeking Plaintiff's medical and prescriptions records. *Id.* at 4. At Plaintiff's deposition, on August 23, 2019, she testified that she never took any medication or supplement, other than MCT oil, when she was taking Cognium. Doc. [56-3]. In response to its subpoenas, Defendant received medical and pharmacy records throughout September and October 2019. Doc. [72] at 4. Natrol contends that "[c]ontrary to Plaintiff's testimony that she took no other medications while 'testing' Cognium, these records show that before, during, and after the relevant period, she filled prescriptions for a pharmacopoeia of different medications— including tranquilizers, antidepressants, and narcotics—that could affect her memory, cognition,

and concentration." Doc. [72] at 4.  Plaintiff counters that "prescriptions are filled but not always taken as prescribed." Doc. [77] at 2.

As noted above, Vitello provided her supplemental interrogatory responses as compelled by the Court two days prior to her deposition.  Natrol alleges that she also produced new documents at that time that were not compelled by the Court, including "various declarations filed in a United States Patent and Trademark Office (USPTO) trademark cancellation proceeding to which Natrol is not a party." Docs. [72] at 3; [39-2]; [39-3]; [39-4].  Defendant contends this was "the first time Plaintiff provided any notice of her specious argument that Cera-Q and BF-7 are different." Doc. [72] at 3.  In the brief supporting her Motion to Certify Class, filed September 13, 2019, Plaintiff cites to the USPTO proceedings and argues that Cera-Q, the active ingredient in Cognium, is different than BF-7, the ingredient tested in the clinical studies. *See* Doc. [39] at 8.  Plaintiff included the documents from the USPTO trademark dispute in her filing, which mentions Dr. Kang by name numerous times. *See id.*

On October 25, 2019, Natrol filed its Memorandum in Opposition to Plaintiff's Motion for Class Certification (Doc. [50]) and a Motion for Summary Judgment (Doc. [51]).  Defendant attached declarations of Dr. Kang (Doc. [57-7]), author of several studies relied upon in Cognium's marketing, and Dr. Jarvis (Doc. [57-4]), and it cites to them in both of its filings.

Vitello filed two separate motions to extend the deadline to respond in opposition to Natrol's Motion for Summary Judgment (Docs. [61] and [63]), ultimately pushing the Deadline to December 20th.  On December 10, 2019—six weeks after Defendant submitted the declarations of Drs. Jarvis and Kang—Plaintiff's counsel requested that Defendant withdraw both declarations and its Motion for Summary Judgment.  Doc. [67-2].  Defendant claims that was the first time Plaintiff raised an issue with the declarations, and that Plaintiff never requested to depose either of the declarants before filing her motions.  Plaintiff argues that neither the identity of Dr. Jarvis nor Defendant's intention to use Dr. Kang as a witness was disclosed prior to Defendant's filing of the Motion for Summary Judgment and its response to the Motion to Certify Class on October 25, 2019.  Doc. [65] ¶¶ 13-14.  Plaintiff did not ask this Court for a discovery extension in order to depose Dr. Jarvis or Dr. Kang.  Doc. [72] at 7.  Instead, she filed this Motion to Strike Declarations (Doc. [65]) on December 13, 2019.

3

**Legal Standard**

Under Rule 37 of the Federal Rules of Civil Procedure, "if a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party may not use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Rule 37 does not provide for mandatory sanctions, and the district court may find that a party's failure to include a witness in the initial Rule 26(a)(1) disclosures was substantially justified or harmless." *Radha Giesmann, MD, P.C. v. Am. Homepatient, Inc.*, No. 4:14CV1538 RLW, 2017 WL 2709734, at *2 (E.D. Mo. June 22, 2017) (quoting *Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004)). The offending party has the burden to show the failure to disclose the witness was "substantially justified or harmless." *Id.* (citation omitted).

The district court considers the following four factors in determining whether a Rule 26 violation is justified or harmless, including: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Rodrick v. Wal-Mart Stores East, L.P.*, 666 F.3d 1093, 1097-98 (8th Cir. 2012) (citation omitted). "[T]he Court need not make explicit findings concerning the existence of a substantial justification or the harmlessness." *Id.* at 1097 (citation omitted). Indeed, the Court has wide discretion in fashioning a remedy when a party fails to disclose a witness in compliance with Rule 26(a). *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).

**Discussion**

Plaintiff seeks to strike the declarations of Drs. Jarvis and Kang because Natrol did not disclose the identity of Dr. Jarvis nor the fact that Dr. Kang would be providing testimony. Doc. [65] ¶ 15. Plaintiff contends that Defendant's failure to disclose the witnesses was harmful and not substantially justified, and, therefore, the testimony should be excluded under Rule 37(c)(1). First, Plaintiff alleges she was "blindsided by the filing of the declarations" because Defendant never requested a physical or mental examination of Plaintiff or mentioned using an expert. *Id.* ¶ 21. Second, she contends there is "no way to cure the prejudice" because Natrol heavily relies on the "opinions" contained in the declarations, and Plaintiff was not provided opportunity to cross-examine or find an expert to rebut the testimony because discovery is closed. *Id.* ¶ 22. Finally, Vitello states Natrol's failure to disclose was "willful and in bad faith" because it knew

4

certification discovery ended and no further discovery had been scheduled.  Plaintiff claims it is "clear" Defendant is "attempting to gain an unfair advantage by failing to comply with its obligation under the rules."  *Id.* ¶ 23.

Natrol, on the other hand, contends that the declarations were not a Rule 26 violation, and even if they were, "any delay in disclosure was substantially justified due to Plaintiff's own untimely disclosures" of both her "medical information and a new theory of the case."  Doc. [72] at 6.  Natrol further argues that Vitello should have disclosed her various medications that can affect cognition in response to both the interrogatories and deposition questions instead of at the close of discovery in response to an order to compel by the Court, and that she should have disclosed her argument regarding Cera-Q and BF-7 during discovery, prior to her Motion to Certify Class, in which it featured prominently.  Further, Defendant argues, Plaintiff does not demonstrate the existence of the four factors used to determine when a Rule 26 violation is "substantially justified."  *Rodrick*, 666 F.3d at 1097-98.  According to Natrol, Plaintiff "has not been prejudiced, there is no risk of disrupting trial, and Plaintiff can hardly accuse Natrol of 'bad faith or willfulness' given her own discovery delays."  Doc. [72] at 7.  Vitello contends that she should be allowed an opportunity to depose the witnesses and obtain rebuttal experts, but she waited six weeks to raise any issue regarding the declarations, even while requesting an extension of time from the Court.  *Id.*  Had Plaintiff requested to depose the witnesses, Defendant argues, she could have cured the prejudice she now claims to have suffered.

The Court agrees with Natrol that its failure to disclose the witnesses was substantially justified under Federal Rule of Civil Procedure 37.  Plaintiff claims she was blindsided and had no opportunity to cure the prejudice, and that Natrol acted in bad faith, but Plaintiff's argument is not well taken.  She raised the new argument regarding the BF-7 and Cera-Q ingredients in her Motion to Certify Class, almost one month after the end of discovery.  It was predictable that Natrol would have to retain an expert to address a new argument that involved industry-specific knowledge; thus, it cannot be described as "blindsiding."  Additionally, Vitello herself referred to Dr. Kang, the expert Natrol retained, many times in her Motion to Certify Class.  Plaintiff also knew that Defendant would be receiving her subpoenaed medical records after the close of discovery because the Motion to Compel was granted approximately one week before the close of discovery.  It is not surprising Defendants retained experts to address alleged discrepancies between Plaintiff's medical records and her testimony.  In rendering his opinions, Dr. Jarvis

5

relied "upon the transcript of Ms. Vitello's deposition . . . as well as pharmacy and medical records," which were produced after close of discovery.  Doc. [57-1] ¶ 9.  And while Plaintiff contends that her medical records merely show she fulfilled prescriptions, not that she took them, Dr. Jarvis's testimony attempts to explain the effect of mixing these medications with Cognium and of withdrawing from them; it does not purport to prove that Plaintiff did mix them.

To the extent Plaintiff is prejudiced, she had the opportunity to cure the prejudice but did not do so.  While the Court recognizes the personal difficulties Plaintiff's counsel endured during the relevant period, Plaintiff still sought and was granted two extensions to file her reply in support of class certification during that period of time.  She could have likewise asserted a need for additional discovery.  *See, e.g.*, *Davenport v. Charter Commc'ns, LLC*, 302 F.R.D. 520, 527 (E.D. Mo. 2014) (holding that because the plaintiff sought and was granted a 30-day extension to file a reply to a motion but did not assert any need for discovery relating to new declarants the defendant produced in opposition, plaintiff was not prejudiced and could have cured any claimed prejudice).  Whatever her reasons for not doing so, it would be inappropriate to charge Defendants with unfairness under these circumstances.

Lastly, the Court finds no evidence that Defendant acted in bad faith.  Natrol obtained a declaration from Dr. Jarvis upon receiving relevant information after the close of discovery.  Defendant obtained Dr. Kang's declaration to respond to Plaintiff's new argument that she first raised in her Motion to Certify Class, also after the close of discovery.  Natrol did not unduly delay the production of either declaration.

Because the Court holds that any alleged deviation from Rule 26's timing requirements with respect to the challenged declarations was substantially justified, the Court need not address the parties' procedural arguments.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Declarations of Dr. Michael E. Jarvis and Yong Koo Kang (Doc. [65]) is **DENIED**.

Dated this 30th day of November 2020.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE