UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE VITELLO, on behalf of herself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 4:18-cv-00915-SEP |
| NATROL, LLC, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Before the Court are Plaintiff's Motion for Class Certification (Doc. [38]), Defendant's Motion for Summary Judgment (Doc. [51]), and Plaintiff's Rule 56(d) Motion (Doc. [66]). For the reasons set forth below, the Motion for Class Certification will be denied without prejudice to refiling; the Motion for Summary Judgment will be denied as premature except as to one argument, to which Plaintiff is invited to respond; and the Rule 56(d) Motion will be denied.

### FACTS AND BACKGROUND

Plaintiff Christine Vitello brings this action individually and on behalf of others similarly situated, alleging Defendant Natrol, LLC ("Natrol") violated the Missouri Merchandising Practices Act ("MMPA") and that Natrol is liable to purchasers of its product, Cognium, for unjust enrichment. Cognium is a "nutraceutical" that Natrol advertises improves memory and concentration for consumers who ingest it twice daily over a period of four weeks. Doc. [80] ¶ 2. According to Cognium's packaging, the nutraceutical is "powered" by Cera-Q, a natural protein found in silkworm cocoons. *See, e.g.*, Doc. [80] ¶¶ 23, 26. In her Amended Complaint, Plaintiff alleges that when she purchased Cognium, Natrol advertised that Cognium had been clinically proven effective in nine human studies, but two of those studies were retracted for fraud or fabrication and data manipulation. *Id.* ¶ 2. In her Motion for Class Certification, Plaintiff also alleges that the other seven studies were conducted not Cera-Q but on BF-7, which she claims is a different ingredient. Doc. [36] at 2-3.

1

Vitello suffers from attention-deficit disorder ("ADD"), and since 2004 she had been taking Adderall to treat her ADD. Doc. [56-3] at 21.[1] In June of 2017, she stopped taking Adderall and began taking Cognium, hoping "Cognium would be a better alternative to Adderall." *Id.* at 29. Plaintiff claims she took Cognium according to the directions provided by Defendant but did not experience any improvement in her memory, concentration, or cognition. Doc. [80] ¶¶ 90-91. She contends that she would not have purchased Cognium had Defendant not made the representations concerning the product's allegedly proven results. *Id.* ¶ 92.

Plaintiff seeks damages as well as establishment of a Missouri consumer subclass under the MMPA and a nationwide class under the doctrine of unjust enrichment. *See* Doc. [36] at 4, 6. In the Case Management Order, the Court bifurcated discovery, allowing the parties to proceed first on discovery related to class certification. Discovery on Plaintiff's individual claim was stayed until after the Court's ruling on class certification. Doc. [25]. Plaintiff filed a Motion for Class Certification (Doc. [38]) on September 13, 2019. On October 25, 2019, Defendant responded in opposition (Doc. [50]) and filed a Motion for Summary Judgment (Doc. [51]) as to Vitello's individual claim.

SUMMARY JUDGMENT & RULE 56(D)

**I.      Legal Standards**

    *A. Motion for Summary Judgment*

Under Federal Rule of Civil Procedure 56, a court must grant a motion for summary judgment if it finds that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact exists if a reasonable jury could return a verdict for" the non-movant. *Cockram v. Genesco, Inc.*, 680 F.3d 1046, 1051 (8th Cir. 2012) (quoting *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 397 (8th Cir. 2011)). "As a general rule, summary judgment is proper 'only after the nonmovant has had adequate time for discovery.'" *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1049 (8th Cir. 2012) (quoting *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999)).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to

---

[1] To minimize confusion, all citations to Doc. [56-3] use the page numbers assigned by this Court's docketing system.

interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (internal quotations marks omitted). The burden then shifts to the non-movant to "present specific evidence, beyond 'mere denials or allegations [that] . . . raise a genuine issue for trial.'" *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019) (quoting *Wingate v. Gage Cnty. Sch. Dist.*, F.3d 1074, 1079 (8th Cir. 2008)). The court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc'y*, 210 F.3d 845, 847 (8th Cir. 2000) (Bennett, C.D.J., dissenting). The court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.*

     B.   Rule 56(d) Motion

Federal Rule of Civil Procedure 56(d) provides that a court may "allow time . . . to take discovery" when "a [litigant] shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment. Fed. R. Civ. P. 56(d). "The party seeking additional evidence must show: '(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion.'" *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014) (quoting *California, ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)).

A party cannot simply set forth some facts she "hope[s] to elicit from further discovery." *Id.* at 895 (quoting *Campbell*, 138 F.3d at 779). In particular, the party must demonstrate how postponement of a ruling on the summary judgment motion will enable the litigant, "by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Id.* at 894 (quoting *Ray v. Am. Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010)); *see also McGee v. Healthcare Revenue Recovery Grp., LLC*, 2020 WL 2768784, at *1–2 (E.D. Mo. May 28, 2020)). "A district court has 'wide discretion' in considering a Rule 56(d) motion." *GEICO Cas. Co. v. Isaacson*, 932 F.3d 721, 726 (8th Cir. 2019) (quoting *Toben*, 751 F.3d at 895).

**II.     Discussion**

Defendant Natrol filed its Motion for Summary Judgment as to Plaintiff's individual claim simultaneously with its opposition to Plaintiff's Motion for Class Certification.  In its Motion for Summary Judgment, Natrol claims to be entitled to judgment against Vitello as a matter of law based on undisputed facts, without any need for further factual discovery.  *See* Docs. [51], [54], [55].  If Natrol is correct, that would undermine not just Vitello's individual claim but also her bid to represent a class of plaintiffs.  *See In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 436 (finding the proposed class could not be properly certified because the only remaining named Plaintiff's individual claim was dismissed); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) (Rule 23's four requirements "effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." (quoting *Gen. Tel. Co. of the Sw.*, 457 U.S. 147, 156 (1982))).  Therefore, it makes sense for the Court to consider the viability of Defendant's arguments for summary judgment before ruling on class certification.  Rather than responding to Defendant's arguments for summary judgment, however, Plaintiff objects that she cannot respond to them without additional discovery.  Docs. [66], [67].

Under the current Case Management Order, discovery as to Vitello's individual claim will not commence until resolution of class certification.  Doc. [25].  As a general matter, then, Plaintiff's objection that she has had no opportunity to conduct discovery related to the merits of her individual claim is well taken.  *See* Doc. [66].  Still, in some circumstances, a motion for summary judgment on the merits of a plaintiff's claim may be granted before individual discovery is conducted.  *See Toben*, 751 F.3d at 898 (granting summary judgment prior to merits discovery).  And if judgment as a matter of law is warranted, the earlier in the litigation process it is granted, the better for conserving the resources of the parties and the Court.  That principle is all the more applicable here, where the outcome of the summary judgment motion could be decisive of the Plaintiff's bid for class certification as well.  *See Hartley v. Suburb. Radiologic Consultants, Ltd.*, 295 F.R.D. 357, 368 (D. Minn. Sept. 30, 2013) (when defendants move for summary judgment before a court rules on class certification, they "save[] the added expense of defending a class action and may be content to oppose the members of the class one by one" (citing *Cowen v. Bank United of Tex.*, 70 F.3d 937, 941-42 (7th Cir. 1995))); *see, e.g.*, *In re Milk Prods.*, 195 F.3d at 436 ("lack of a class representative precludes certification of the class proposed by [plaintiffs]").

4

Of all the questions the parties have put before the Court, then, it makes the most sense for the Court to consider first whether any of Natrol's arguments for summary judgment can be adjudicated without further discovery. Natrol makes three arguments for summary judgment:

(a) that Plaintiff cannot show ascertainable loss for the purposes of the MMPA because she admits that she discontinued taking Adderall when she started taking Cognium and did not consult a healthcare professional, in violation of the product's warnings, Doc. [54] at 7-8;

(b) that Plaintiff has "no admissible evidence of Cognium's 'actual value,'" which is required to prove that she experienced an ascertainable loss under the MMPA, *id.* at 9; and

(c) that Plaintiff cannot show any causal connection between any allegedly unlawful practice and her purported loss because she discontinued taking Adderall when she started taking Cognium, *id.* at 11-12.

Defendants also argue that Plaintiff's unjust enrichment claim has to fail for these same reasons. *Id.* at 13-14.

Defendant's arguments for summary judgment as to the second and third of these issues are premature. Natrol accuses Vitello of relying on only "unverified speculation" that Cognium is ineffective, Doc. [54] at 9, but the Court cannot fairly evaluate the credibility of Vitello's evidence before she has even had the opportunity to conduct discovery related to the merits of her claim, *see United States v. Mallinckrodt, Inc.*, 343 F. Supp. 2d 809, 816 (E.D. Mo. Mar. 5, 2004) ("Even when the non-movant bears the burden of proof at trial, simply filing a summary judgment motion does not immediately compel the party opposing the motion to come forward with evidence demonstrating material issues of fact as to every element of its case." (quoting *Handeen v. Lemaire*, 112 F.3d 1339, 1346 (8th Cir. 1997))).

It would likewise be premature for the Court to try to evaluate causation based on the record produced by the Defendants, which consists of Plaintiff's own admissions plus one citation to an expert (who has yet to be deposed by Plaintiff, Doc. [67] ¶¶ 4, 16, 17) opining on a speculative factual scenario (i.e., what the effects would have been of taking or abruptly discontinuing a number of medicines that the record does not show whether she took or discontinued, *see* Doc. [57-1] ¶¶ 33-36; Doc. [55] ¶ 30). On the basis of such supposed "undisputed facts," Defendant argues that Plaintiff "cannot" produce evidence that Cognium

5

caused Plaintiff's putative loss. That is by no means clear. Plaintiff's frank admissions that other factors *might* have influenced how she experienced the effects of Cognium do not "establish" that those factors *did* cause what she experienced. Doc. [54] at 12. And an uncontested expert's opinion about a hypothetical establishes nothing.

Given the opportunity to conduct merits discovery, Plaintiff would presumably endeavor to develop facts and/or expert testimony to support the theory of causation underlying her legal claims. She is not precluded from making an evidence-based causation argument by her admission that she can't personally be sure of how her cessation of one drug affected her experience of another. Doc. 55 ¶ 28. As Defendant points out, Plaintiff is not a doctor or a pharmacist. Doc. 55 ¶ 53. Defendant cannot rely on her testimony alone to demonstrate "the absence of a genuine issue of material fact" as to the causation of her purported loss; therefore, its third argument for summary judgment is insufficient at this stage. *Celotex*, 477 U.S. at 323.

Defendant's first argument for summary judgment is subtly but significantly different, however. There, Defendant contends that the manner in which Plaintiff used Cognium—more accurately, the fact that she *mis*used it—precludes her from establishing "ascertainable loss" for the purposes of her MMPA claim, Doc. [54] at 7-8, and from showing that it was "unjust for Natrol to retain a benefit" from her purchase for the purposes of unjust enrichment, *id.* at 14. The facts underlying that argument genuinely *are* undisputed, coming from Plaintiff's own deposition testimony. Cognium's packaging included two relevant warnings: Cognium "is not intended to diagnose, treat, cure, or prevent any disease," *id.* at 5, and consumers should "consult [their] healthcare professional prior to use if [they] have or suspect a medical condition or are taking prescription drugs," Doc. [56-2] ¶ 2; *id.* at 15; Doc. [54] at 7. Plaintiff admits that, despite these warnings, she stopped taking Adderall and began taking Cognium, hoping that "Cognium would be a better alternative to Adderall." Doc. [56-3] at 29. Plaintiff also admits that she did not consult her doctor prior to using Cognium. *Id.* at 30-31, 50. Defendant argues that Plaintiff's own *admitted* conduct precludes her from prevailing on her MMPA and unjust enrichment claims as a matter of law.

Although that argument goes to the merits of Vitello's individual claims—as to which the parties have not technically conducted discovery—Defendant has nonetheless "demonstrate[d] the absence of a genuine issue of material fact," *Celotex*, 477 U.S. at 323, thus satisfying its initial burden for summary judgment. And if the facts are undisputed, the only remaining

question is a legal one: Do those facts preclude Vitello from bringing her MMPA and unjust enrichment claims?

In order to show that the issue raised by Natrol cannot be resolved on summary judgment, Vitello's burden is to "present specific evidence, beyond 'mere denials or allegations [that] . . . raise a genuine issue for trial.'" *Farver*, 931 F.3d at 811. Instead of pointing to any such evidence in response to Defendant's Motion, Vitello appeals to the Court for additional discovery under Rule 56(d). Doc. [66]. Therefore, the next question for the Court is whether Plaintiff has satisfied the Rule 56(d) standard for additional discovery in relation to Defendant's remaining argument for summary judgment.

To obtain relief under Rule 56(d), Plaintiff must "set forth in affidavit form the specific facts" essential to summary judgment that will be elicited through further discovery. *Toben*, 751 F.3d. at 895. Plaintiff fails to meet this burden with respect to the question of whether Plaintiff's use of Cognium as a replacement for Adderall and without the advice of a physician undermines her claims. She does not provide the Court with any specific fact that would raise a genuine issue of material fact regarding Plaintiff's alleged use of Cognium as a replacement for Adderall. The principal focus of Plaintiff's Rule 56(d) Motion is the testimony of Drs. Kang or Jarvis, on which Defendant does not rely for the argument based on her discontinuation of Adderall and failure to consult a healthcare professional.[2] Therefore, Plaintiff's Rule 56(d) Motion is denied with respect to that issue,[3] and Plaintiff will be required to respond to Defendant's argument for summary judgment on the grounds that Plaintiff's improper substitution of Cognium for Adderall without the advice of a physician undermines her MMPA and unjust enrichment claims.

## CLASS CERTIFICATION

Federal Rule of Civil Procedure 23 requires that class certification be determined "at an early practicable time," but "there is no absolute rule that it must be decided before considering a motion for summary judgment." *Schwend v. U.S. Bank, N.A.*, 2013 WL 686592, at *2 (E.D. Mo.

---

[2] In particular, the Court notes that Dr. Jarvis's commentary on other prescriptions filled by Plaintiff during the time period at issue is not part of the evidentiary record cited by Defendant in support of its surviving argument for summary judgment. Doc. [54] at 7-8. Although there is one cite to Dr. Jarvis's testimony in the relevant portion of Defendant's Motion, *see id.* at 7 (citing Doc. [55] ¶ 21), it is not to testimony about other prescriptions, and it plays no role in showing the absence of a genuine dispute of material fact as to Plaintiff's discontinuation of Adderall and failure to consult a healthcare professional.

[3] Because Defendant's other arguments for summary judgment are premature, the remainder of Plaintiff's Rule 56(d) Motion is moot.

Feb. 26, 2013); *see, e.g.*, *Ince v. Aetna Health Mgmt., Inc.*, 173 F.3d 672, 674 (8th Cir. 1999) (affirming the district court's grants of summary judgment that occurred before ruling on class certification).[4]  When the issue presented is the viability of a claim based on its merits, then summary judgment may be appropriately decided before class certification.  *See e.g.*, *Schwend*, 2013 WL 686592, at *2 ("When . . . the issue for summary judgment is whether any viable claim exists—rather than whether the case could be maintained as a class action—the district courts maintain discretion to decide the summary judgment question before class certification." (citing *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92 (D.C. Cir. 2001))).

In what remains of its Motion for Summary Judgment, Natrol maintains that, based on Plaintiff's own admissions, she cannot prevail on either her MMPA or her unjust enrichment claim.  Thus, resolution of Natrol's Motion for Summary Judgment could fully dispose of Vitello's claims and protect both parties from the costs of further litigation.  *See Hartley*, 295 F.R.D. at 368.  The Court will therefore defer consideration of the parties' arguments on class certification until after it decides the surviving issues raised in Natrol's Motion for Summary Judgment.  To allow for revision or refinement of the parties' class certification arguments in light of that decision, the pending Motion for Class Certification will be denied without prejudice to refiling after the Court's ruling on summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. [51]) is **DENIED in part.**  Plaintiff shall have **thirty (30) days** from the date of this Order to respond to Defendant's argument that Plaintiff's admissions regarding her use of Cognium undermine her MMPA and unjust enrichment claims, after which Defendant will have **ten (10) days** to reply.  The Motion for Summary Judgment is **DENIED without prejudice** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff's Rule 56(d) Motion (Doc. [66]) is **DENIED** as it relates to Defendant's surviving argument for summary judgment and **DENIED as moot** as to all other claims.

---

[4] The Advisory Committee Notes for Rule 23 similarly suggest summary judgment rulings before class certification can be preferable.  *See* Fed. R. Civ. P. 23(c)(1) advisory committee's note to 2003 Amendment ("Other considerations may affect the timing of the certification decision.  The party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified.").

**IT IS FINALLY ORDERED** that the Motion for Class Certification (Doc. [38]) is **DENIED** without prejudice to refiling after the Court's ruling on the Motion for Summary Judgment.  Upon resolution of the Motion for Summary Judgment, the Court will set a scheduling conference in this matter, at which a new deadline for a motion for class certification will be set.

Dated this 31st day of March, 2021.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE